UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN SCOTT VARNER,

        Plaintiff,                    Hon. Paul L. Maloney

v.                                Case No. 1:22-cv-654

AUSCO PRODUCTS INC., et al.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff initiated this action July 12, 2022, against Ausco Products Inc., and its Human Resource Manager, Krista Rendo.   (ECF No. 1).   Because Plaintiff has been permitted to proceed as a pauper (ECF No. 6), the Court has reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted.   Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's complaint be dismissed.

**ANALYSIS**

A complaint must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).   As the Supreme Court has held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as

1

true, to 'state a claim to relief that is plausible on its face.'"    *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).    This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."    If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"    *Id.*    As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.    Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

In his complaint, Plaintiff alleges the following.    Plaintiff was employed by Ausco from March 2022 through May 2022 in the "lining department."    This department employed both men women, however, men were required to operate the "hot press machines."    Women were permitted to operate these machines, but were not required to do so.    Operating the hot press machines was difficult and made it harder for employees

to meet their required production quotas.   Plaintiff complained that Ausco's policy of requiring men, but not women, to operate the hot press machines violated his rights against sexual discrimination.   In response to Plaintiff's complaint, Krista Rendo called into question Plaintiff's masculinity.   Plaintiff was "emotionally and/or mentally hurt" by Rendo's comments.   Plaintiff alleges that Defendants' conduct violates Title VII of the Civil Rights Act of 1964.

While Plaintiff asserts that Ausco's policy requiring men, but not women, to operate the hot press machines is discriminatory, he fails to allege that he was injured as a result of this policy.   Thus, Plaintiff has failed to demonstrate that he has standing to challenge the employment practice in question.   *See, e.g., Phillips v. Cohen*, 400 F.3d 388, 396 (6th Cir. 2005).   As for Krista Rendo's comments, Plaintiff fails to allege that he suffered any "materially adverse" action by Rendo in response to his comments. Thus, Plaintiff's allegations fail to state a claim for retaliation.   *See, e.g., Laster v. City of Kalamazoo*, 746 F.3d 714, 730 (6th Cir. 2014).

## CONCLUSION

For the reasons discussed herein, the undersigned recommends that Plaintiff's complaint (ECF No. 1) be dismissed for failure to state a claim on which relief may be granted.   For the same reasons the undersigned makes this recommendation, the undersigned finds that an appeal of such would be frivolous.   *Coppedge v. United States*, 369 U.S. 438, 445 (1962).   Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

3

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.   28 U.S.C. § 636(b)(1)(C).   Failure to file objections within the specified time waives the right to appeal the District Court's order.   *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: August 17, 2022

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge