UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| KEVIN SCOTT VARNER,          )<br>              Plaintiff,          )<br>                                            )<br>v.                                          )<br>                                            )<br>AUSCO PRODUCTS INC., *et al.*,   )<br>              Defendants.       )<br>                                            ) | No. 1:22-cv-654<br><br>Honorable Paul L. Maloney |

## ORDER ADOPTING REPORT & RECOMMENDATION

This matter was referred to the Honorable Phillip Green, United States Magistrate Judge, who issued a Report & Recommendation ("R&R") on August 17, 2022 (ECF No. 7). Because Plaintiff was permitted to proceed as a pauper (ECF No. 6), Magistrate Judge Green reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. The R&R recommends dismissal of Plaintiff's complaint for failure to state a claim. Plaintiff was given fourteen days to file written objections to the proposed findings and recommendations per 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), and he subsequently filed an objection, as well as a motion to amend his complaint (ECF No. 8). Because this Court agrees that Plaintiff's complaint fails to state a claim, the Court will dismiss this matter. Moreover, because permitting Plaintiff to amend his complaint would be futile, the Court will deny Plaintiff's motion to amend.

After being served with a report and recommendation issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge

reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam). "[A]n objection that does nothing more than state a disagreement with the magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in the context of Federal Rule of Civil Procedure 72." *Brown v. City of Grand Rapids*, No. 16-2433, 2017 WL 4712064, at *2 (6th Cir. June 16, 2017).

This Court conducted a de novo review of Plaintiff's objection. On review of the record, the R&R is adopted over Plaintiff's objection. The R&R summarized the facts alleged in Plaintiff's complaint as follows:

> Plaintiff was employed by Ausco from March 2022 through May 2022 in the "lining department." This department employed both men women, however, men were required to operate the "hot press machines." Women were permitted to operate these machines, but were not required to do so. Operating the hot press machines was difficult and made it harder for employees to meet their required production quotas. Plaintiff complained that Ausco's policy of requiring men, but not women, to operate the hot press machines violated his rights against sexual discrimination. In response to Plaintiff's complaint, Krista Rendo called into question Plaintiff's masculinity. Plaintiff was "emotionally and/or mentally hurt" by Rendo's comments. Plaintiff alleges that Defendants' conduct violates Title VII of the Civil Rights Act of 1964.

(ECF No. 7 at PageID.5-6). Because Plaintiff failed to allege that he was injured as a result of Defendants' hot-press-machine-policy, and because he failed to allege that he suffered any materially adverse action by Rendo in response to Plaintiff's complaints about the policy, the R&R concluded that Plaintiff failed to state a claim for sex discrimination under Title VII, and he failed to state a claim for First Amendment retaliation (*Id.* at PageID.6).

2

Plaintiff raises one objection to the R&R: He "objects to the fact that the Court did not address the dangerous nature of operating the hot press machines in its report and recommendation" (ECF No. 8 at PageID.8). Even if the R&R had explicitly stated that operating the hot press machines was a "dangerous" job, this irrelevant fact would not save Plaintiff's case from dismissal. Regardless of whether the R&R explicitly stated that operating the hot press machine was a "dangerous" job, Plaintiff still failed to allege facts showing that he was injured as a result of an allegedly discriminatory policy. This objection is thus overruled.

Plaintiff also moves to amend his complaint to cure the deficiencies of the complaint. He "acknowledges" that his complaint fails to state that he was injured due to Defendants' allegedly discriminatory policy, and he therefore seeks to amend his complaint to add additional claims and facts (contained in a separately filed document: ECF No. 10) and defendants (*see* ECF No. 8). Although Plaintiff is permitted to amend his complaint under Fed. R. Civ. P. 15(a), the proposed additional "claims and facts" still do not save Plaintiff's complaint from dismissal. These claims and facts essentially outline how the hot press machine injured Plaintiff: he burned his hands and fingers while operating the machine; he pinched his fingers on the machine; he witnessed a co-worker burn himself on the machine, causing Plaintiff anxiety and depression; and he suffered "physical and psychological" pain from being forced to operate the machine (ECF No. 10).

These injuries still fail to establish how Plaintiff was injured from *the discriminatory policy*; they merely show that he was injured as a result of operating the hot press machine. In other words, Plaintiff has failed to allege that he suffered an "adverse employment action,"

which is necessary to state a claim under Title VII for sex discrimination. *See Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 364 (6th Cir. 2010) ("To establish a claim of discrimination indirectly, *i.e.,* by circumstantial evidence, a plaintiff must demonstrate (1) that he is a member of a protected class; (2) that he suffered an adverse employment action; (3) that he was qualified for the position; and (4) that a similarly-situated employee outside the protected class or classes was treated more favorably than he."). These physical injuries, as a result of operating a machine, do not constitute an "adverse employment action" for purposes of pleading a Title VII claim. *See White v. Baxter Healthcare Corp.*, 533 F.3d 381, 402 (6th Cir. 2008) (quoting *Burlington Indus. v. Ellerth*, 524 U.S. 742, 761 (1998)) ("An adverse employment action is an action by the employer that 'constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits.'").[1] Plaintiff's proposed amendments are therefore futile.

Given that there are no errors in the Magistrate Judge's analysis and Plaintiff has failed to state a claim upon which relief can be granted, the Court will adopt the R&R and dismiss this matter. Accordingly,

---

[1] Further, even if Plaintiff had sufficiently alleged that he was injured due to a discriminatory policy, he has failed to establish that he would be redressed by his requested relief. *Phillips v. Cohen*, 400 F.3d 388, 396 (6th Cir. 2005) ("In order to establish constitutional standing to sue under Title VII, a plaintiff must show that he was personally injured by the defendant's alleged discrimination and that his injury will likely be redressed by the requested relief."). Plaintiff's requested relief is "an injunction ordering the Defendant to end its sexual discrimination practices in the lining department," and $100,000 in compensatory or punitive damages (ECF No. 1 at PageID.4). If Plaintiff received his requested relief—that Defendants "end" the discriminatory policy—he would still be required to operate the hot press machine. Although women would also be required to operate the hot press machine, ending the policy of merely permitting women to operate the hot press machine (rather than requiring them to operate the machine), would not relieve Plaintiff of his obligations to operate the machine. Therefore, it is unclear how Plaintiff would be redressed if the Court enjoined Defendants from engaging in the allegedly discriminatory policy.

4

5

**IT IS HEREBY ORDERED** that the Court **ADOPTS** the Report and Recommendation (ECF No. 7) as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's objections to the R&R (ECF No. 8) are **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to amend the complaint (ECF No. 8) is **DENIED**.

Judgment to follow.

**IT IS SO ORDERED.**

Date: September 8, 2022 /s/ Paul L. Maloney
Paul L. Maloney
United States District Judge